United States District Court
Southern District of Texas

**ENTERED**

February 26, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LEONOR MARIE HERNANDEZ AND SALLY GRACIA, Plaintiffs, | § § § § | |
| v. | § § | CIVIL ACTION NO. 1:25-cv-247 |
| TRANSPORTES SERVICIO Y DISTRIBUCION SA DE CV, *et al.*, Defendants. | § § § § § | |

## REPORT AND RECOMMENDATION TO DENY MOTION TO REMAND

### I.   Synopsis

Leonor Hernandez and Sally Gracia sued Transportes Servicio y Distribucion SA de CV, Painani LLC, and Franscisco Castellanos in Texas state court for personal injuries in a motor vehicle accident. Franscisco Castellanos is a truck driver is from Mexico, who was working for Transportes Servicio y Distribucion. Transportes removed this case to federal court based on diversity jurisdiction as they are a Mexican trucking company. Ms. Hernandez and Ms. Gracia ask this court to send them back to state court for two reasons: first, they argue Mr. Castellanos has not consented to the removal, and second, Painani LLC is a Texas company, thus, defeating diversity jurisdiction.

The first issue before the court is whether Mr. Castellanos must consent to the remand. The Court finds that, no, he does not need to consent. The Federal Rules of Civil Procedure require Mr. Castellanos be served pursuant to the Hague Convention to be considered a proper party before the Court.

The second issue before the Court is whether Painani LLC, as a Texas company, defeats diversity jurisdiction. The Court finds that Ms. Hernandez and Ms. Gracia have no theory of recovery against Painani LLC, which renders Painani LLC an improperly joined party. Considering this, the Court recommends denial of Plaintiff's Motion to Remand because the case is properly removed to federal court under diversity jurisdiction.

### II.   Jurisdiction

Federal courts have original jurisdiction in civil actions where the matter in controversy exceeds \$75,000 and is between citizens of different states. 28 U.S.C. § 1332. The record is clear

that the Plaintiffs Leonor Marie Hernandez and Sally Gracia (Plaintiffs) seek damages in excess of $1,000,000.00.[1] It is uncontested that Plaintiffs are citizens of Texas and that Defendant Transportes Servicio y Distribucion SA de CV (Transportes) is a citizen of Mexico. Accordingly, the Plaintiffs are diverse from Defendant Transportes and do not contest this fact. The dispute here centers upon whether named defendant Painani LLC (Painani), a citizen of Texas, was improperly joined; and if improperly joined, then diversity jurisdiction is present.

For the reasons explained below, the Court finds Painani LLC is improperly joined, so this case is properly before the Court under diversity jurisdiction.

### III.   Venue

Venue is proper in the United States District Court for the Southern District of Texas, Brownsville Division pursuant to 28 U.S.C. § 1391(b)(2) because the accident from which Plaintiffs' claim arises occurred in Cameron County, Texas[2], a county served by the Brownsville Division. Additionally, because the case was pending in the 445th Judicial District Court in Cameron County, Texas, Defendant Transportes properly removed the case to the district and division within which the case was pending in state court. 28 U.S.C. § 1446(a). See Dkt. No. 1; Dkt. No. 1-3.

### IV.   Background

#### A.  State Court Petition

Originally, Plaintiffs filed suit against "Transportes Servicio y Distribucion SA DE CV D/B/A Transportes Painani . . . , Painani, LLC . . . , and Francisco Augustin Castellanos Hernandez" in the 445th District Court in Cameron County, Texas. Dkt. No. 1-3, p. 1. The suit is based on an automobile crash which occurred in Cameron County, Texas. Dkt. No. 1-3, p. 4 at ¶ 5.1. Plaintiffs allege they were both traveling in a vehicle when Defendant Francisco Augustin Castellanos Hernandez (Castellanos) improperly entered their lane and caused an accident. Dkt. No. 1-3, p. 4 at ¶ 5.1. Plaintiffs asserted that "the manner in which [Defendant Transportes and Defendant Painani] conduct their business has resulted in comingling of their operations and/or their business is a joint venture." Dkt. No. 1-3, p. 4 at ¶ 5.2. Plaintiffs further asserted that the

---

[1] Plaintiffs requested "monetary relief of more than $1,000.000.00" in their Original Petition in state court. Dkt. No. 1-3 at 3, ¶ 3.1. Plaintiffs do not raise the issue of the amount in controversy in their Motion to Remand.

[2] Plaintiffs allege that an automobile crash occurred "at or near the Padre Island Highway in Cameron County, Texas" in their Original Petition. Dkt. No. 1-3 at 4, ¶ 5.1.

"agents, servants, and/or employees" of Defendant Transportes and Defendant Painani "in one form or another are responsible for the conduct of each other." Dkt. No. 1-3, p. 4 at ¶ 5.2.

### B. Removal and Motion to Remand

Defendant Transportes removed this case from the 445th Judicial District Court in Cameron County, Texas, to the Southern District of Texas, Brownsville Division on November 3, 2025. Dkt. No. 1. Defendant Transportes accepted service on or about October 6, 2025, so the case was removed within 30 days after receipt of a copy of Plaintiffs' initial pleading. 28 U.S.C. § 1446(b)(1). Dkt. No. 1 at 2, ¶ 3.

Defendant Transportes admits that on the date of the alleged accident, Defendant Castellanos "was an employee of and working for Defendant Transportes Servicio y Distribucion SA de CV." Dkt. No. 1, p. 5 at ¶ 12; see also Dkt. No. 10 p. 2 at ¶ 4 (Def.'s Resp.).

Defendant Transportes asserts this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(2). Dkt. No. 1 at 1. Defendant Transportes states the Plaintiffs seek damages in excess of the Court's jurisdictional limit. Dkt. No. 1, p. 2 at ¶ 5. Further, Defendant Transportes claims "[a]ll proper parties on one side of this controversy are citizens of different states than all proper parties on the other side." Dkt. No. 1, p. 1. To support this claim, Defendant Transportes argues that Defendant Painani, "is improperly joined in this lawsuit." Dkt. No. 1, p. 2. at ¶ 4.

Plaintiffs filed their Motion to Remand the case back to state court on December 3, 2025. Dkt. No. 6. Plaintiffs claim the Court lacks subject matter jurisdiction because a named defendant, Painani LLC, is a citizen of the same state as Plaintiffs. Dkt. No. 6, p. 1. Plaintiffs also claim consent from Defendant Castellanos is necessary to remove this action, because "[t]he Texas Civil Practice & Remedies Code does not require the Plaintiffs to serve him through the Hague Convention." Dkt. No. 6, p. 4 at ¶ 4. Plaintiffs assert Defendant Castellanos was properly served in accordance with Texas Civil Practice & Remedies Code § 17.061, et seq. Dkt. No. 11, p. 1 at ¶ 1.  Dkt. No. 6, p. 4 at ¶ 12 (Pls. Mot. to Remand). Defendant Castellanos never answered or made an appearance in this case.

Defendant Transportes timely responded to Plaintiffs' Motion to Remand on December 22, 2025. Dkt. No. 10. Defendant Transportes argues that Defendant Painani is an improper party to the suit. Dkt. No. 10 at 2-3.

Plaintiffs filed their reply to Defendant Transportes's Response (Dkt. No. 10) on December 24, 2025. Dkt. No. 11. Plaintiffs again argued that lack of consent from Defendant Castellanos constitutes a removal defect. Plaintiffs also challenged that Defendant Transportes did not "show that Plaintiffs have no 'possibility' of recovery as to Painani, LLC," so Painani is a proper party to the suit. Dkt. No. 11, p. 2 at ¶ 4.[3]

The Motion is now ripe for the Court's consideration.

## V.   Standard of Review

### A.  Diversity

U.S. Courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states or between citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(1-2).

### B.  Removal

Where a district court has "original jurisdiction" under federal law, such cases "shall be removable" to federal court. 28 U.S.C. § 144l(a) and (b). "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N Am., Inc.,* 771 F.3d 883, 887 (5th Cir. 2014). Jurisdiction is determined by examining the claims in the state court petition at the time of removal. *Manguno v. Prudential Property and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.*

### C.  Service

Rule 4(f) of the Federal Rules of Civil Procedure applies when "Serving an Individual in a Foreign Country." Fed. R. Civ. Pro. 4(f). Specifically, the rule governs how to serve an individual "not within any judicial district of the United States." *Id.*

> "Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>     **(1)** by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; "

---

[3] Both parties timely filed a Joint Discovery/Case Management Plan. Dkt. No. 9. The Court has yet to issue a scheduling order.

*Id.* "District courts cannot exercise jurisdiction over a defendant [who] has not been served properly." *Topstone Commc'ns, Inc. v. Xu*, 603 F. Supp. 3d 493, 496–97 (S.D. Tex. 2022) (internal quotations and citations omitted).

### D. Improper Joinder

Under the improper joinder doctrine, a party may not defeat federal jurisdiction with the presence of an improperly joined non-diverse defendant. *Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020). There are two ways to establish that a defendant has been improperly joined: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242 (5th Cir. 2011) (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004)). No fraud in pleading the facts has been alleged in this case, and none is otherwise evident. The first test is inapplicable in this case.

As to the second test, the question is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. "If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir.2002) (internal quotations omitted). "This possibility, however, must be reasonable, not merely theoretical." *Id*.

The Court can either conduct an analysis under Federal Rule of Civil Procedure 12(b)(6) or it may pierce the pleadings and conduct a summary inquiry. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, Ltd., 818 F.3d 193, 207 (5th Cir. 2016) (holding that "a court may choose to use either one of these two analyses, but it must use one and only one of them, not neither or both) (emphasis original).

"[T]he court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff truly has a reasonable possibility of recovery in state court." *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc*., 390 F.3d 400, 405 (5th Cir. 2004). The summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d. at 573-74. "[I]t is the removing party's burden to establish improper joinder." *Williams v. Homeland Ins.*

*Co. of New York*, 18 F.4th 806, 812 (5th Cir. 2021). "[T]he burden of demonstrating improper joinder is a heavy one." *Cuevas*, 648 F.3d at 249.

VI.    **Analysis**

A.  **Defendant Castellanos must be served under the Hague Convention.**

Plaintiffs state they believe Defendant Castellanos to be a citizen of Mexico. Dkt. No. 11, p. 1, ¶ 1 (Pls. Reply). Plaintiffs state Defendant Castellanos had a driver's license issued by Mexico. Dkt. No. 11, p. 1, ¶ 1 (Pls. Reply).

The Federal Rules of Civil Procedure govern how to serve an individual in a foreign country. *See* Fed. R. Civ. Pro. 4(f). An individual not within any judicial district of the United States may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." Fed. R. Civ. Pro. 4(f)(1). "The United States and Mexico are signatories to the Hague Convention." *Gracia v. Rancho Cinegetico El Gran Chaparral II, S. de R.L. de C.V.*, 2024 WL 5373335, at *2 (W.D. Tex. June 28, 2024).[4]

> The Supreme Court has directed that "compliance with the Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988). However, service of process on a foreign defendant in compliance with the Convention is mandatory only "if the method of serving process involves the transmittal of documents abroad." *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 537 (5th Cir. 1990). The Convention does not specify the circumstances in which there is "occasion to transmit" a complaint "for service abroad." *Schlunk*, 486 U.S. at 700, 108 S.Ct. 2104. Therefore, courts must "... refer to the internal law of the forum state ... if the internal law of the forum state defines the applicable method of serving process as requiring the transmittal of documents abroad, then the Hague Service Convention applies." *Id*.

*Topstone*, 603 F. Supp. 3d at 497.

As required, the Court must determine whether the method of serving process involves transmitting documents abroad. *Sheets*, 891 F.2d 537. To do so, the Court must look to the internal law of the forum state. *Schlunk*, 486 U.S. at 700.

Under Texas law, "[t]he chairman of the Texas Transportation Commission is an agent for service of process on a person who is a nonresident . . . in any suit against the person . . . that grows out of a collision in which the person . . . is involved while operating a motor vehicle in this state."

---

[4] See Status Table: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (listing current contracting states) (last visited February 19, 2026).

Tex. Civ. Prac. & Rem. Code § 17.062(a). Given that Defendant Castellanos was operating a motor vehicle in Texas and the suit against him grows out of this collision, this is the applicable law. Texas law directs the chairman to "mail to the nonresident or agent: (1) a copy of the process; and (2) notice that the process has been served on the chairman." Tex. Civ. Prac. & Rem. Code § 17.062(b). The copy and the notice "must be sent to the nonresident or agent by registered mail, or by certified mail, return receipt requested." Tex. Civ. Prac. & Rem. Code § 17.062(b). Ultimately, to serve process on a nonresident under Texas Law, the chairman must mail documents to the nonresident, which requires transmitting documents abroad.

Review of the internal law of the forum state reveals that the method of serving process on a foreign defendant involves transmitting documents abroad. Because service of process on a foreign defendant involves transmitting documents abroad, service of process in compliance with the Hague Convention is mandatory. *Schlunk*, 486 U.S. at 705 ("[C]ompliance with the Convention is mandatory in all cases to which it applies."); *Sheets v. Yamaha Motors Corp., U.S.A.,* 891 F.2d at 537 (stating that service of process under the Convention is mandatory "if the method of serving process involves the transmittal of documents abroad.").

Given the applicable law, Defendant Castellanos Hernandez must be served under the Hague Convention.

### B. Consent to removal from Defendant Castellanos is not required.

Plaintiffs represent that they served Defendant Castellanos under the Texas Civil Practice & Remedies Code § 17.061. Plaintiffs do not present any evidence they served Defendant Castellanos under the Hague Convention. Plaintiffs claim service through the Hague Convention is not required. Because the Court finds that Defendant Castellanos must be served under the Hague Convention, Plaintiffs did not properly serve Defendant Castellanos.

Under the federal removal statute, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "This is known as the 'rule of unanimity.'" *Paul Piazza & Son, Inc. v. Gracia*, 2021 WL 2678932, at *2 (E.D. La. June 30, 2021). "The Fifth Circuit has recognized three exceptions to the rule of unanimity. A removing defendant does not have to obtain consent to removal from: (1) improperly or fraudulently joined defendants, (2) nominal or formal parties, and (3) non-forum defendants who have not been served by the time of removal." *Id. See also Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.9 (5th Cir. 1988) ("Defendants (at least those not

citizens of the forum state) who are unserved when the removal petition is filed need not join in it.").

In the present case, Plaintiffs argue that a procedural defect in the removal process exists, because Defendant Transportes did not receive consent from Defendant Castellanos. Dkt. No. 11, p. 2 at ¶ 4. However, the Court finds that service on Defendant Castellanos was not properly effectuated pursuant to Federal Rule of Criminal Procedure 4(f). The federal removal statute only requires consent from defendants who have been properly served. 28 U.S.C. § 1446(b)(2)(A). Further, the Fifth Circuit Court of Appeals has recognized that a defendant choosing to remove his case from state court to federal court does not need to obtain consent from a non-forum defendant who has not been served at the time of removal. *See Paul Piazza & Son, Inc. v. Gracia*, 2021 WL 2678932, at \*2; *Getty Oil Corp*, 841 F.2d at 1262 n.9.

Accordingly, the Court finds that consent from Defendant Castellanos is not required.

### C.  Defendant Painani LLC is an improperly joined party.

The Court considers whether "there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved." *Great Plains Trust Co.,* 313 F.3d at 312.

In Plaintiffs' Motion to Remand, Plaintiffs assert that Defendant Transportes does business as Transportes Painani. Dkt. No. 6, p. 1 at ¶ 1. Further, Plaintiffs claim they have stated a cause of action against Painani L.L.C., because they have asserted negligence claims against Painani LLC. Dkt. No. 6, p. 1 at ¶ 14. Plaintiffs also claim that they may recover against Painani LLC because they asserted a joint enterprise claim in their original petition. Dkt. No. 6, p. 1 at ¶ 15. More specifically, Plaintiffs have asserted "that the trucking operations of Transportes Painani and Painani, LLC are commingled which is the basis for a joint enterprise." Dkt. No. 6, p. 1 at ¶ 15. Defendant Transportes contends that Plaintiffs have not stated a claim against Painani LLC. Dkt. No. 10, p. 2 (Def.'s Resp.).

The Court analyses whether Plaintiffs can establish a cause of action against the non-diverse party in state court by piercing the pleadings and conducting a summary inquiry. *Smallwood*, 385 F. 3d at 573; *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 207.

"Joint enterprise liability makes each party thereto the agent of the other and thereby to hold each responsible for the negligent act of the other." *Texas Dep't of Transp. v. Able*, 35 S.W.3d 608, 613 (Tex. 2000) (internal quotations omitted). There are four elements a plaintiff must establish to make a joint enterprise liability claim under Texas law:

(1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control.

*Id.*

Attached to the Motion to Remand, Plaintiffs provide documentation showing that Transportes Servicio y Distribucion SA de CV does business as Transportes Painani. Dkt. No. 6-2 (Pls' Ex.). Plaintiffs also attach documentation showing that both Transportes Servicio (which does business as Transportes Painani) and Painani LLC share common ownership. Dkt. No. 6-3 (Pls' Ex.)[5]; Dkt. No. 6-5 (Pls' Ex.)[6]. However, this showing of common ownership does not demonstrate that Plaintiffs can establish even the first element of a joint enterprise claim. That the two businesses have the same owner does not answer the Court's question of whether state law might impose liability on Painani LLC.

Given the record that exists before the Court, even when piercing the pleadings and considering summary judgment evidence, Plaintiffs' showing that two businesses share the same owner shows only that these two businesses have common ownership. Ownership by the same person does not lead to the conclusion that the two businesses are one in the same, and Plaintiffs do not present any summary judgment evidence to suggest otherwise. The two businesses are each presented as a single corporate entity, and Plaintiffs do not offer any evidence to demonstrate otherwise. For this reason, the Court finds Plaintiffs' claims against Painani LLC are "merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d at 312.

The record establishes that there is no reasonable possibility that the Plaintiffs could recover from Painani LLC under a theory of joint enterprise liability with Defendant Transportes and, thus, also hold Painani LLC responsible for the negligent acts of Defendant Transportes. Considering this, Defendant Transportes has met its heavy burden of establishing improper joinder.

Painani LLC, a Texas Limited Liability Company, was improperly joined as a defendant. For this reason, Painani LLC should be dismissed from the case, and the Court should exercise its jurisdiction over the remaining defendant, Transportes Servicio y Distribucion SA de CV. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) ("if the plaintiff improperly joins a non-diverse

---

[5] The President is named as Juan Garrido.
[6] The document names Juan Jose Garido Casarez.

defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant.").

Because Defendant Transportes is a citizen of Mexico and Plaintiffs are citizens of Texas, there is complete diversity between the adverse parties. Additionally, the case exceeds the amount in controversy requirement. For these reasons, the Court can exercise diversity jurisdiction over the case once Painani LLC is dismissed as an improperly joined party.

### VII.   Recommendation

It is recommended that (1) Plaintiffs' Motion to Remand (Dkt. No. 6) be DENIED and (2) Defendant Painani LLC be dismissed with prejudice as improperly joined.

### VIII.   Notice to the Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with United States District Judge Rolando Olvera. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs.*, L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

Signed on February 26, 2026.

Karen Betancourt
United States Magistrate Judge